## PHELPS *v.* GILCHRIST.

An officer who has bailed goods attached on mesne process to a receipter, has a right to demand and receive them of him at any time pending the action, and on refusal of the bailee to deliver them, is entitled to recover damages for their full value, on the ground that he is answerable to both parties to the action.

An agent, authorized to make the demand, is a competent witness to testify as to the making of it.

TROVER, to recover the value of a horse, wagon, and two cases of hats, alleged to have been converted by the defendant, on the 25th day of September, 1851. The writ was dated March 7th, 1853.

The plea was the general issue.

It appeared that the property in question was attached by the plaintiff, as deputy sheriff of this county, on the 25th day of September, 1851, on two writs in favor of George A. Whitney against J. B. West & Brothers, and delivered by him to the defendant, on his giving receipt therefor, as follows :

" Franklin, September 25, 1851.

Received of Nathan Phelps, deputy sheriff for the county of Merrimack, for safe keeping, attached on writs in favor of George A. Whitney *vs.* John B. West & Brothers, returnable at the court of common pleas, October term, 1851, to wit :

One horse, valued at...........................$75,00
One wagon, valued at........................... 40,00
Two cases of hats, valued at..................... 60,00

All to the amount of one hundred and seventy-five,   175,00

And I hereby agree to deliver the same to the said Nathan Phelps, or order, on demand, in as good condition as the

same are now in, free from all expense to said Nathan Phelps.

DAVID GILCHRIST."

In one of the actions in which the property was attached, judgment was rendered in favor of the plaintiff, April 15th, 1852, for $49,07, and costs taxed at $15,14. Execution was issued thereon and placed in the hands of Albert Little, a deputy sheriff of this county, who, on the 6th day of May, left at the dwelling-house of the defendant, with his wife, said Gilchrist being then absent in Boston on business, a written demand for the property, as follows:

" Merrimack, ss.    May 6, 1852.

To David Gilchrist—Sir: You are hereby required to deliver to me forthwith, in good condition, the following property, viz.: One horse, one wagon, and two cases of hats, the same having been receipted for by you in writs, George A. Whitney *vs.* John B. West & Brothers, returnable at Oct. Term of C. C. Pleas for said county.

ALBERT LITTLE, Deputy Sheriff."

At the time this demand was left at the defendant's house, Little had in possession the receipt as well as the execution, the same having been delivered to him by the plaintiff, Phelps.

On the 9th day of July, 1852, Little, having in his hands the execution and receipt, made a personal demand of the defendant for the property on the receipt, and told him of the demand in May; and also at that time showed the receipt to the defendant, who examined it, and said that the property was partly disposed of, and could not be produced. He said also that he should like to have the debts come out of the Wests, as he had not the property, but he would see it fixed up, and Little should have no further trouble about it.

On the 7th of September, 1852, the defendant wrote to

Little that he was absent when his letter was received; that he had supposed that the money was paid, but on inquiry he found that the counsel for the Wests took exceptions to the time at which the demand was made upon him for the payment of the execution, and requested him not to pay it; that he was told he was not holden, on account of the demand not being within the time prescribed by law; that he was authorized to say that Little would hear from the Wests in the course of the week.

In the other action of Whitney against the Wests, judgment was rendered for the plaintiff, October 23d, 1852, for $43,39 debt and $20,14 costs. Execution was issued and placed in the hands of Little, deputy sheriff, as aforesaid, who, on the 23d day of November, 1852, gave to the defendant, in person, a written demand, similar to that left at his house in May, but the defendant did not deliver up any property. Little had in his possession, at the time of this demand, both the receipt and execution. The executions were first delivered to the plaintiff, but he, being out of office, handed the same and the receipt to Little for collection.

No part of the two judgments has ever been paid. Little was a witness for the plaintiff to show the demands, and was objected to on the ground of interest, but admitted by the court, subject to the exception.

The defendant contended that the evidence was not competent to charge him in this action, but the court ruled otherwise; and thereupon a verdict was taken by consent for the plaintiff for the amount of the receipt, on which judgment was to be entered; or the verdict was to be amended, and judgment entered thereon for such sum as this court should determine the plaintiff to be entitled to; or the verdict was to be set aside, if this court should be of opinion that the ruling of the court as to the evidence was wrong.

*Fowler* and *Mugridge*, for the defendant.

I.   It is submitted that this suit cannot be maintained by this plaintiff, for the following reasons.

1.   In order to maintain trover, the plaintiff must have both the right of property and of immediate possession to the chattels at the time of the conversion.   *Gordon* v. *Harper*, 7 Term.9; 2 Phil. Ev. 220 ; *Poole* v. *Symonds*, 1 N. H. Rep. 287.

2.   The plaintiff never had any title to this property except by virtue of the attachment, and of his office as deputy sheriff, and this title was substantially and primarily that of the sheriff, whose agent and deputy merely the plaintiff was. *Watson* v. *Todd & a.* 5 Mass. Rep. 271; *Campbell* v. *Phelps*, 17 Mass. Rep. 244.

3.   When the plaintiff ceased to be a deputy sheriff, the right of property and possession, which he held simply by force and virtue of that office, ceased also to exist in himself, by re-vesting and becoming absorbed and extinguished in the right of property and of possession of the sheriff. When the principle fact ceased to exist, its incidents and consequences ceased also.   *Ferguson* v. *Lee*, 9 Wend. 258.

4.   The plaintiff, having ceased to be a deputy sheriff before the time of the alleged conversion, had no right of property or of possession upon which this suit can be maintained.   If Phelps recovers in this suit, who has the money ? Who can recover it of him ?   Can any one ?

If the plaintiff could maintain any action against the defendant, it must be assumpsit on the special contract contained in the receipt.

II.   The written demand of the property left at the defendant's house, was insufficient.   Same case, decided by this court, at the Dec. term, 1854.   And so was the demand given to the defendant in November.   Same case.

III.   The demand, in July, was after the attachment in the first suit was dissolved, and the demand in November was thirty-one days after the judgment was rendered in the

second suit, and so after the attachment therein was dissolved. Therefore the plaintiff has no cause of action, the attachments being both dissolved before the demands were made in the suits in which the executions issued whereon the demands were made.

In July, Little had no authority to demand this property but by virtue of the execution in the first suit, but the attachment in that suit was dissolved, and so he had no authority at all.

The defendant was not the man to demand the property of. The demand should have been made upon Phelps, by an officer authorized to receive and sell the goods. *Webster* v. *Coffin,* 14 Mass. Rep. 196.

IV. Little was interested, in the event of this suit, in favor of the plaintiff, and, therefore, was incompetent.

One ground of the defence was, that Little did not demand the property while the attachments continued in force. If this be so, he is liable for the value of the property; and if the plaintiff fails in this suit, Little may be compelled to pay that amount; and he was called on to testify in this suit, so as to free himself from this liability. 1 Greenl. Ev. §§ 393, 394, 396.

Little was not the agent or servant of any one, so as to entitle him to testify from necessity. *Bailey* v. *Shaw,* 4 Foster's Rep. 299.

V. No demand having been made upon Phelps, the plaintiff, within thirty days after the judgments, the attachments were dissolved and lost, and he is not liable to any one for this property, and so he cannot recover of the defendant merely for the purpose of putting money in his own pocket, which he is not liable to pay over to any one. *Norris* v. *Bridgeman,* 14 Maine Rep. 429; *Lawrence* v. *Rice,* 12 Met. 527; *Lawrence* v. *Rice,* 12 Met. 535; *Howard* v. *Smith,* 12 Pick. 202; *Wheeler* v. *Fish,* 3 Fairf. 241.

*W. W. Flanders,* for the plaintiff.

I.  Little was rightfully admitted to testify in this case, notwithstanding any interest he might have, on the ground of necessity.  An agent is admitted to prove his authority, and the due execution of it, in cases where the claim of the principal or master is founded on the act of the witness, done according to his duty and undertaking.  *Moses* v. *The Boston and Maine Railroad*, 4 Foster's Rep. 79; *Strafford Bank* v. *Cornell*, 1 N. H. Rep. 192; 1 Greenl. Ev. §§ 416, 417; 1 Phillips' Ev. 127; 7th ed. Cowen & Hill's Notes, note 241, pp. 254, 255.  " An agent may be a witness for his principal, without a release, though his testimony go to discharge himself."  *Phelps* v. *Sinclair*, 2 N. H. Rep. 554; *Bailey* v. *Shaw*, 4 Foster's Rep. 299.  " There is no distinction between a general and a special agent."  " A sheriff is not disqualified to testify in relation to facts stated in his return upon a writ, by the circumstance that he may be liable for a false return; the verdict would not be evidence in his favor nor against him."  *Meserve* v. *Hicks*, 4 Foster's Rep. 296.  Little was the agent of Phelps, and may be so regarded.  See previous decision of case, 8 Foster's Rep. 266.

II.  The evidence is sufficient to charge the defendant in this case.  The plaintiff is answerable for the property he attached on the two writs in favor of Whitney and against the Wests, as deputy sheriff, either to the creditor or to the debtor.  *Jenney* v. *Rodman*, 16 Mass. 464; *Webster* v. *Coffin*, 14 Mass. 196; *Cooper* v. *Mowry et al.*, 16 Mass. 8; Metcalf's Dig. 243; *Clark* v. *Morse*, 10 N. H. Rep. 238; *Odiorne* v. *Colby*, 2 N. H. Rep. 70.  If this position is correct, we contend, first, that if the attachment has expired, and Whitney has lost his interest in it, then the defendant may answer this suit by showing the property returned to the Wests, or disposed of for their benefit.  *Cooper* v. *Mowry et al; Clark* v. *Morse; Jenney* v. *Rodman.*  That until he does show such a return, on demand and refusal, though the demand is not made till after the expiration of the thirty

days, he is liable to the plaintiff. *Cooper* v. *Mowry et al.* That the return of this property to the general owner, or debtor, does not appear, and is no part of this case, and it being matter of defence, should be clearly set forth as such, and put into the case. That the second and third demands made by Little, and defendant's non-compliance, is sufficient, in this state of the case, to make him chargeable; and so if the first attachment was the only one by which plaintiff claimed. It will not be contended that Little, in his three several attempts, did not sufficiently disclose his authority and make known his object.

Second, that the attachment was not in any way dissolved, so as to relieve the receipter in the least from his written promise to the plaintiff; because the first demand, on the sixth day of May, saved the attachment, so that the defendant's refusal on the 9th of July, to deliver up the property, made him answerable in this action. The last proceedings relate back to the first. *White* v. *Demary*, 2 N. H. Rep. 547; *Mason* v. *Briggs*, 16 Mass. 453.

Third, the plaintiff had a right to call for this property, for the purpose of attachment on a new writ. Defendant, in that case, must return the property, or be holden on the new attachment, as well as the first. *Whitney* v. *Farwell.* The same, if called for, to apply on an execution.

Fourth, that there was an actual conversion shown, and no demand was necessary. *Stevens* v. *Eames*, 2 Foster's Rep. 573. " A demand, otherwise necessary, becomes useless and unnecessary, when the party on whom it is to be made has disabled himself from complying with it, by his default. *Cooper* v. *Mowry et al.*; *Webster* v. *Coffin*, 14 Mass. 196.

Fifth, if all the views above taken are held to be erroneous, the second demand, on the 9th of July, must, on the principles of law well settled in this State, make the defendant chargeable in this case, by reason of the second attachment. The sheriff has a special property in goods attached; has the power to control them, and to take them

from the receipter's hands, as well before as after judgment. *Pool* v. *Symonds*, 1 N. H. Rep. 294; *Odiorne* v. *Colley*, 2 N. H. Rep. 70; *Sinclair* v. *Tarbox*, 2 N. H. Rep. 135; *Whitney* v. *Farwell*, 10 N. H. Rep. 13; *Clark* v. *Morse*, 10 N. H. Rep. 238; *Young* v. *Walker*, 12 N. H. Rep. 506.

It makes him chargeable to the full extent of the value of the property, so long as the officer is answerable for it by reason of any attachment. Returning it to the general owner, or disposing of it for his benefit, would be no answer, either as to the right of action or in mitigation of damages.   Dig. M. R. 558; and above authorities—*Whittier* v. *Smith & al.*, 11 Mass. 211; *Knap* v. *Sprague*, 9 Mass. 258; *Jewett* v. *Torrey*, 11 Mass. 219; *Lyman* v. *Lyman*, 11 Mass. 317.   If plaintiff took judgment for less than the full value, he would be liable for the balance.   *Bissel* v. *Huntington*, 2 N. H. Rep. 142; *Whitney* v. *Farwell*, 10 N. H. Rep. 11.

In answer to the defendant's second and third objections to the maintenance of this action, we say that a deputy sheriff is held as a bailee of the goods attached by himself, and responsible as such for the goods.   *Cilley* v. *Jenness*, 2 N. H. Rep. 87; *Ranlet* v. *Bell.* 5 N. H. Rep. 434.   He has a special property in them, founded on his responsibility for their safe custody.   *Lathrop* v. *Blake*, 3 Foster's Rep. 56.

This responsibility did not cease when he ceased to be deputy sheriff, but he continued to be answerable for them, either to creditor or debtor.   *Lyman* v. *Lyman et al.*, 11 Mass. 317; *Lovell* v. *Sabin*, 15 N. H. Rep. 37.

Plaintiff is the only one in whose name this action can be maintained.   *Webb* v. *Steele*, 13 N. H. Rep. 236; Comp. Stat., ch. 189, § 14.

The fourth objection is not true in point of fact.   The plaintiff did not cease to be a deputy sheriff before the time of the conversion alleged.

The last demand was in season.   The statute requires property attached to be holden until the expiration of thirty

days, for creditor's benefit, after judgment in his favor. Comp. Stat., ch. 195, § 35.

WOODS, C. J.   No valid objection appears against the competency of Little to testify in the case.   He has no interest in the result of the case, nor any interest in the subject matter of his own testimony, beyond what any agent called to make a statement of his own acts, in the discharge of his agency, has.   And that is merely an interest to show that he has acted faithfully and with prudence under it.   This has never been holden to disqualify him as a witness, or to deprive any party of the benefit of his knowledge on matters which, as falling within the scope of his agency, may well be supposed to be better known to him than to strangers.   Starkie Ev. 767.

The demand made first in the order of time mentioned in the case, having been the subject of a previous adjudication, may be laid out of the case.   8 Foster's Rep. 266.

On the 9th of July, 1852, a demand was made, which appears not to have been open to the objections which prevailed against the former, and which appears to have been sufficient.   The terms of the bailment were, that the chattels were to be delivered to the plaintiff on demand.   That was the only safe and proper form for the officer to adopt, because he was answerable for the safe keeping of the property, in certain contingencies, to both parties to the action in which he had attached it.   If the plaintiff prevailed, he was bound to apply the property, if required, to the payment of the debts, and if the defendant prevailed, he was entitled to look to the officer for a restoration of his goods; for there is no evidence in the case that they have, since the attachment, gone back into his possession.

We say that the demand, on July 9th, was sufficient.   It was in conformity with the general requisitions of a demand in such cases, as laid down in the former case referred to. It was attended with a full explanation of the character and

capacity in which the witness acted in making it, and with an exhibition of the receipt. It was also a personal demand.

It was, moreover, followed by such disclosures, on the part of the defendant, as tended to show a conversion of the property by him. He said that the property was partly disposed of, and could not be produced. This seems to be a conversion of at least a part of it. How much of it was so disposed of, is a question with regard to which very liberal presumptions, in *odio spoliatoris,* are to be formed against the defendant, who does not offer to show the truth.

But if this alone would not authorize a jury to find for the whole sum in damages, the omission to comply with the demand made at that time, would. For the right of the officer was to receive the whole property, in order that he might be in a position to account for it to the parties concerned. There must, therefore, be

*Judgment on the verdict.*